UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| LARRY VEAZEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-0108 AS |
| ) | |
| MICHAEL J. BRUBAKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*OPINION AND ORDER*

Larry Veazey, a prisoner confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that his federally protected rights were violated while he was confined at the Westville Correctional Facility ("WCF"). The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Veazey brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Veazey alleges that Correctional Officers Michael Brubaker, M. Johnson, and G. Isenblatter used excessive and unnecessary force against him without provocation. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Giving Mr.

2

Veazey the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim under the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992).

Mr. Veazey states in his complaint that Officer Brubaker wrote a false conduct report against him. The conduct adjustment board found him guilty of the charges against him, and Mr. Veazey does not allege that the finding of guilt has been set aside. *Heck v. Humphrey*, 512 U.S. 477 (1994), provides that if the remedy sought under § 1983 would require a finding or judgment that would render a criminal conviction or sentence invalid, then the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. The *Heck* doctrine applies to prison disciplinary hearings, at least in cases such as this where a prisoner has lost good time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997). Accordingly, until the disciplinary finding of guilt has been set aside, Mr. Veazey may not file a § 1983 complaint asserting claims arising from an allegedly false conduct report.

Mr. Veazey also names former Indiana Department of Correction Commissioner Evelyn Ridley-Turner, former WCF Superintendent Ed Buss, and former WCF Complex Director Peters as defendants. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th

3

Cir. 1986); *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Mr. Veazey does not allege, and it would not be reasonable to infer from the complaint, that these defendants had any personal involvement in the incidents of which he complains, and the doctrine of *respondeat superior,* under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana,* 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971).

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Michael Brubaker, M. Johnson, and G. Isenblatter in their personal capacities for damages on his Eighth Amendment excessive use of force claim;

(2) **DISMISSES** pursuant to 28 U.S.C. § 1915A(b)(1) defendants Evelyn Ridley-Turner, Ed Buss, and Mr Peters and any claims in the case other than the Eighth Amendment excessive use of force claim;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** defendants Brubaker, Johnson, and Isenblatter to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Michael Brubaker, M. Johnson, and G. Isenblatter, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**IT IS SO ORDERED.**

**ENTERED**: April 25, 2005


                              s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**