UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **LARRY EUGENE VEAZEY,** | ) | |
| | ) | |
|     **Plaintiff** | ) | |
| | ) | |
|     v. | ) | No. 3:05cv0108 AS |
| | ) | |
| **MICHAEL J. BRUBAKER, Sergeant** | ) | |
| **Indiana Department of Correction,** | ) | |
| **M Johnson, Confinement Officer-** | ) | |
| **Indiana Department of Correction,** | ) | |
| **G. ISENBLATTER, Confinement** | ) | |
| **Officer-Indiana Department of** | ) | |
| **Correction,** | ) | |
| **ED BUSS, Superintendent-Indiana** | ) | |
| **Dept of Correction,** | ) | |
| **EVELYN R. TURNER,** | ) | |
| **Commissioner-State of Indiana Dept. of** | ) | |
| **Correction, and** | ) | |
| **MR. PETERS,** | ) | |
| **Complex Director-Indiana Dept. of** | ) | |
| **Correction,** | ) | |
| | ) | |
|     **Defendants** | ) | |

*MEMORANDUM OPINION AND ORDER*

On February 23, 2005, *pro se* plaintiff, Larry Eugene Veazey, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a complaint purporting to state a claim under 42 U.S.C. § 1983, and invoking this Court's federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). The court takes note of the very extensive record in this case. The defendants filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) on January 31, 2006, which complies with the necessary mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The plaintiff filed a response on March 29, 2006 and a reply on April 7, 2006 which this court has

examined.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id*. The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

2

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

The late Judge Henry J. Friendly more than 30 years ago got it right when he said that every push and shove in a prison does not implicate the Constitution of the United States. *See Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973). There is no question that the actions of Michael Brubaker constituted the necessary species of state action for purposes of §1983. Nonetheless, state action is not the issue. The issue is really under the Fourteenth Amendment of the Constitution of the United States and it is a question of excessive force. The only claims with any arguable merit are these against Brubaker and Isenblatter. The real question, looking at the factual setting here in a light favorable to the plaintiff is whether some way there is enough here under *Hudson v. McMillian*, 503 U.S. 1 (1992) to keep the courthouse door open.

The remaining claims are all without merit and should be dismissed as to each remaining defendant. A very recent case under Rule 56 dealing with deliberate indifference causes this result. *See Sornberger v. City of Knoxville, IL*, 434 F.3d 1006 (7th Cir. 2006). *But see Norfleet v. Webster*, 439 F.3d 392 (7th Cir. 2006). A very close case is here presented, but it must now go forward only as to defendants Brubaker and Isenblatter.

This court will impose upon Magistrate Judge Christopher A. Nuechterlein to preside

3

over the formulation of a narrowly drawn pretrial order so that the case can be tried before a jury in Lafayette, Indiana when the court's schedule will permit it.  **IT IS SO ORDERED**.

**DATED:**  April 25, 2006

                                        **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

cc: The Honorable Christopher A. Nuechterlein