UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY EUGENE VEAZEY, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 3:05-CV-0108 AS |
| MICHAEL A. BRUBAKER, *et al.*, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

This case is before the court on plaintiff Larry Veazey's motion for appointment of counsel. There is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7th Cir. 1993). Under 28 U.S.C. § 1915(d), a court may request an attorney to represent an indigent litigant, but has no authority to compel an attorney to do so. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989). The decision to appoint counsel is within the sound discretion of district courts, *Hossman v. Blunk*, 784 F.2d 793, 797 (7th Cir. 1986), and counsel is not generally appointed "unless denial would result in fundamental unfairness, impinging on due process." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Courts "recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." *DiAngelo v. Illinois Dep't of Public Aid*, 891 F.2d 1260, 1262 (7th Cir. 1989). The court should reserve its power to appoint counsel to those cases

> presenting "exceptional circumstances" as determined by an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.

*Farmer v. Hass*, 990 F.2d at 322 (quotation marks and citations omitted). Thus,

a court may deny counsel in a relatively simple case in which a *pro se* litigant can adequately handle the discovery process and the trial. *Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987). Although a good lawyer may do better than the average person, that is not the test. If it was, district courts "would be required to request counsel for every indigent litigant." *Farmer v. Hass*, 990 F.2d at 323.

Mr. Veazey states in his motion for appointment of counsel that he has a learning disability he believes will preclude him from effectively representing himself at trial. The court afforded the parties time within which to submit any records of his educational status or describing any learning disability he may have been diagnosed with.

The defendants provided the court with a diagnostic screening interview dated April 4, 2002, in which the box "may be developmentally disabled" is checked. Mr. Veazey submitted his high school transcript, which establishes that he generally received low passing grades, with some failing marks, until the second semester of his junior year, when he was absent from school twenty-one days and falied all of his courses.

The materials submitted to the court establish that Mr. Veazey was a marginal scholar, and may have developmental disabilities. But Mr. Veazey has articulated his claims in this case quite clearly, and the materials he has submitted to the court have been well above average for a prisoner litigator. Moreover, this case has narrowed one claim of excessive use of force against two correctional officers. Mr. Veazey is aware of the facts of his case as they are within his personal experience, at trial his primary responsibility will be to give his story on the stand.

Accordingly the court concludes that Mr. Veazey's case is not complicated and does not involve "exceptional circumstances" that would require appointment of counsel. Mr. Veazey should advise the court of his problem at trial so the court can afford him all possible leniency.

For the foregoing reasons, the court DENIES the plaintiff's motion for appointment of counsel (docket #53).

SO ORDERED

Dated this 30th    Day of August, 2006

                                          s/Christopher A Nuechterlein
                                          Christopher A. Nuechterlein
                                          United States Magistrate Judge